# EXHIBIT A

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

RECEIVED & FILED

JAN 18 2013

Carolyn (Coun)
CLERK, STATE COURT
CLAYTON COUNTY

KIEMOND CARTER,                    )
                                   )
        Plaintiff,                 )
                                   )      CIVIL ACTION FILE NO.
v.                                 )
                                   )      _____
BELMONT GEORGIA LIMITED            )
PARTNERSHIP, MICHELLE GOEDECKER    )
VENTRON REALTY CORPORATION         )
and VENTRON MANAGEMENT, LLC        )
                                   )
        Defendants.                )

## COMPLAINT

COMES NOW Plaintiff Kiemond Carter (hereinafter Plaintiff) in the above-styled action,

and hereby files his Complaint for damages against the above-named Defendants as follows:

1.

Defendant Belmont Georgia Limited Partnership (hereinafter "Defendant" and/or

"Defendants" and/or Defendant Belmont") is subject to the jurisdiction and venue of this Court.

Service can be made on said Defendant by serving its Registered Agent as follows: National

Registered Agents, Inc., 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096.

2.

Defendant Belmont did business as, and/or managed and/or owned an apartment complex

known as the Sutter Lake Apartments (hereinafter "the apartments" and/or "Sutter Lake

Apartments" and/or "Sutter Lake" and/or "the premises") where the incident which is the subject

of this Complaint occurred, and did so throughout March 14, 2011.

3.

Venue is proper as to Defendant Belmont of Georgia Limited Partnership.

4.

Service is proper as to Defendant Belmont of Georgia Limited Partnership.

5.

Jurisdiction is proper as to Defendant Belmont of Georgia Limited Partnership.

6.

Defendant Ventron Realty Corporation (hereinafter "Defendant" and/or "Defendants" and/or "Defendant Ventron Realty") is a foreign for profit limited company subject to the jurisdiction and venue of this Court. Service can be made on said Defendant by serving its Registered Agent as follows: SG Registered Agent, LLC, 700 S. Federal Hwy., Suite 200, Boca Raton, Florida 33432.

7.

Defendant Ventron Realty did business as, owned and/or managed an apartment complex known as the Sutter Lake Apartments where the incident which is the subject of this Complaint occurred and did so throughout March 14, 2011.

8.

Venue is proper as to Defendant Ventron Realty Corporation.

9.

Service is proper as to Defendant Ventron Realty Corporation.

10.

Jurisdiction is proper as to Defendant Ventron Realty Corporation.

11.

Defendant Ventron Management, LLC (hereinafter "Defendant" and/or "Defendants" and/or "Defendant Ventron Management") is a foreign for profit limited company subject to the

jurisdiction and venue of this Court.  Service can be made on said Defendant by serving its

Registered Agent as follows: Michael Scaljon, 2210 Sullivan Road, College Park, Fulton

County, Georgia 30337.

12.

Defendant Ventron Management did business as and/or managed and/or owned  an

apartment complex known as the Sutter Lake Apartments where the incident which is the subject

of Plaintiff's Complaint occurred and did so on March 14, 2011.

13.

Venue is proper as to Defendant Ventron Management, LLC.

14.

Service is proper as to Defendant Ventron Management, LLC.

15.

Jurisdiction is proper as to Defendant Ventron Management, LLC.

16.

Michelle Goebecker (hereinafter "Defendant" and/or "Defendant Goebecker" and/or

"Defendants") is a Georgia resident.  Defendant Goebecker is subject to the jurisdiction and

venue of this Court.  Defendant Goebecker may be served at her residence 636 North Avenue,

Apt. 6F, Jonesboro, GA 30236.

17.

Defendant Goebecker managed the apartment complex known as Sutter Lake Apartments

where the incident which is the subject of Plaintiff's Complaint occurred and did so on March

14, 2011.

18.

Venue is proper as to Defendant Goebecker.

19.

Service is proper as to Defendant Goebecker.

20.

Jurisdiction is proper as Defendant Goebecker.

21.

At all times mentioned herein, one or more Defendants owned, operated, controlled, and managed the Sutter Lake Apartments, located at 8104 Webb Road, Riverdale, Georgia 30274 on March 14, 2011.

22.

On or about March 14, 2011, Plaintiff Kiemond Carter was a resident of Sutter Lake Apartments located at 8104 Webb Road, Riverdale, Georgia 30274.

23.

On or about, March 14, 2011, while at the apartments, Plaintiff Kiemond Carter was a victim of aggravated assault, aggravated battery and was physically attacked.

24.

Plaintiff exercised ordinary care and diligence at all times herein and under the circumstances then existing.

25.

Defendants breached their duty owed to Plaintiff by failing to exercise ordinary care to keep its premises safe.

26.

Defendant Goebecker actively managed such that she controlled the Apartments at issue. Defendant Goebecker acted with misfeasance and was negligent and/or contributory to the incident at issue.

27.

Prior to and on March 14, 2011, the Sutter Lake Apartments were negligently maintained, inspected, secured, patrolled and managed. Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol and manage said premises but failed to exercise ordinary care.

28.

Defendants had actual and constructive knowledge prior to the attack on Plaintiff that the security was inadequate at Defendants' apartment complex and created a dangerous condition for Defendants' tenants and invitees. Defendants negligently failed to implement appropriate security measures at its premises prior to the incident at issue.

29.

Defendants had actual and constructive knowledge of criminal activity existing on and around its premises prior to the attack on Plaintiff. Said prior criminal activity was negligently permitted to exist and remain at said premises.

30.

Defendants had actual and constructive knowledge of criminal activity existing at its premises and in the neighborhood surrounding its premises prior to the attack on Plaintiff, but negligently failed to warn Plaintiff.

31.

Defendants negligently failed to warn its residents and invitees, including Plaintiff, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks, including the attack on Plaintiff.

32.

Defendants negligently failed to maintain adequate security devices to permit proper use of the premises, thereby causing an unreasonable risk of injury to its residents, including Plaintiff.

33.

At all times mentioned herein, Defendants controlled the management of the premises and had the legal duty to keep the premises in a state consistent with the due regard of the safety of its residents and invitees, including Plaintiff. Defendants breached said duties to Plaintiff and failed to act as similarly situated businesses in like circumstances.

34.

Defendants were negligent in failing to maintain, inspect, secure, patrol and manage the premises at issue, thereby creating an unreasonable risk of injury to its residents, including Plaintiff.

35.

Defendants knew of, or with the exercise of due care for the safety of its residents, should have known of the dangerous and hazardous conditions existing on the premises and the failure to maintain, inspect, secure, patrol and manage the premises and that said conditions were likely to result in the injuries suffered by the Plaintiff.

36.

Defendants were and are *negligent per se*.

37.

Defendants had actual knowledge of the dangerous and hazardous conditions existing at the premises due to the direct knowledge of its employees and agents.

38.

Defendants had constructive knowledge of the dangerous and hazardous conditions existing on the premises through the knowledge of its employees and agents due to the prior criminal activity and dangers associated with the premises and surrounding areas.

39.

Defendants negligently failed to maintain a policy, procedure or system of investigating, reporting and warning of the aforementioned criminal activity and negligently maintained premises.

40.

Defendants had knowledge of, or in the exercise of reasonable care, should have had knowledge of the dangerous environment of the premises, Defendants are liable for the negligent supervision, hiring, training, and retention of its employees, agents, and apparent agent/employees and the entrustment of said premises to its agents and employees.  Said negligence was a proximate cause of the damages and injuries to Plaintiff.

41.

Defendants negligently and/or intentionally represented to Plaintiff and residents that the premises at issue was properly maintained, safe and secure.

42.

Defendants negligently failed and contractually breached their duties to provide security

protection, security personnel, deterrence, and/or an outside security presence on the premises.

43.

Defendants negligently failed to act on their knowledge of prior crimes, and failed to act

to correct, prevent, or warn of prior criminal activity, loitering, trespassing, and the dangerous

environment of said premises.

44.

Defendants failed to take appropriate action to remedy or reduce the danger to its

invitees, including Plaintiff Carter, and allowed the dangerous environment on the subject

premises to continue to exist unabated, thereby creating a nuisance.

45.

Defendants' negligence was the cause in fact and a proximate cause of Plaintiff's injuries.

As a result of Defendants' negligence Plaintiff's leg was amputated.  In addition, Plaintiff has

incurred special damages that are or will exceed $1,000.00.00.

46.

Defendants made representations and accepted a duty to provide security necessary to

prevent the attack which occurred on March 14, 2011.

47.

Defendants accepted payment from Plaintiff in consideration for their duty and/or

contractual obligation/duty to provide adequate security for Plaintiff at all times on the premises.

48.

Defendants had a contract with Plaintiff to keep the premises safe to Plaintiff at the premises.

49.

Defendants breached their duty to provide adequate security to prohibit the incident at issue.

50.

Plaintiff Carter is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted.  Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a)  Personal injuries;

b)  Past, present and future pain and suffering;

c)  Mental anguish;

d)  Loss of the capacity for the enjoyment of life;

e)  Impaired ability to labor;

f)  Incidental expenses;

g)  Loss of earning capacity;

h)  Past, present and future medical expenses;

i)  Permanent injuries; and

j)  Consequential damages to be proven at trial.

51.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to Plaintiff.  Defendants are liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

52.

Plaintiff is entitled to an award of punitive damages, without limitation or cap, because the actions of Defendants and their agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care, which would raise the presumption of a conscious indifference to consequences and/or a specific intent to cause harm.

53.

Because Defendants' actions were and are stubbornly litigious, and have caused Plaintiff undue expense, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action.  (O.C.G.A. § 13-6-11). Furthermore, Plaintiff is entitled to all expenses of litigation and attorney's fees pursuant to all other Georgia statutory and common laws.

WHEREFORE, the Plaintiff prays that:

a)      Process issue and the Defendants be served as provided by law;

b)      He have trial by jury;

c)      He be awarded general, special, compensatory, incidental, consequential, punitive and all other permissible damages in accordance with the enlightened conscience of an impartial jury;

c)      He be awarded general, special, compensatory, incidental, consequential, punitive

and all other permissible damages in accordance with the enlightened conscience

of an impartial jury;

d)      For attorney's fees and cost of litigation in an amount which will be proven

through the evidence at the time of trial;

e)      He be awarded interest and costs; and

f)      He be awarded such other and further relief as this Court deems just and proper

and permitted under Georgia law.

TRIAL BY JURY IS HEREBY DEMANDED.

This 16th day of January, 2013.

JAMES A. RICE, JR., P.C.

James A. Rice, Jr.
Georgia State Bar No. 602811
Attorney for Plaintiff

563 Spring Street, NW
Atlanta, GA  30308
404-255-4448



COPY   TO BE SERVED

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Kiemond Carter
c/o James A. Rice, Jr., His Attorney
563 Spring Street, NW
Atlanta, GA 30308

Plaintiff

Vs.

2013CV00188E
Case Number

Ventron Realty Corporation
c/o SG Registered Agent, LLC, Its Registered Agent
700 S. Federal Highway, Suite 200
Boca Raton, Florida 33432

Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

James A. Rice, Jr.
James A. Rice, Jr., P.C.
563 Spring Street, NW
Atlanta, GA 30808
(404) 255-4448

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

GAIL CARNES
CLERK OF COURT
State Court of Clayton County

By: _____
Deputy Clerk

COPY

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

RECEIVED & FILED

JAN 18 2013

CLERK, STATE COURT
CLAYTON COUNTY

| | | |
|---|---|---|
| KIEMOND CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| BELMONT GEORGIA LIMITED | ) | _____ |
| PARTNERSHIP, MICHELLE GOEDECKER | ) | |
| VENTRON REALTY CORPORATION | ) | |
| and VENTRON MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO EACH DEFENDANT

TO:   EACH DEFENDANT

Pursuant to O.C.G.A. § 9-11-26 et seq., Plaintiff hereby requests that <u>EACH</u> Defendant

respond separately in writing and under oath, to the following interrogatories as provided by law,

with a copy of the responses being served upon the undersigned counsel of record for the

Plaintiffs at James A. Rice, Jr., P.C., 563 Spring Street, Atlanta, GA 30308.

## DEFINITIONS AND INSTRUCTIONS

A.      These interrogatories shall be deemed continuing to the extent permitted by

O.C.G.A. § 9-11-26, et seq., so as to require Defendant(s) to serve upon all parties supplemental

answers if Defendant(s) or its attorneys obtain further information between the time the answers

are served and the time of trial.

B.      "Document," whether singular or plural, means documents and other tangible

things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include

without limitation originals or, if such are not available, true copies, including copies of

documents, videotapes, computer data, and sound material.

C.      "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.      The "incident" is the March 14, 2011 incident at the Sutter Lake Apartments located at 8104 Webb Road, Riverdale, Georgia 30274, where Plaintiff was shot.

E.      The "apartments" are the Sutter Lake Apartments located at 8104 Webb Road, Riverdale, Georgia 30274 where Plaintiff was shot.

F.      The shooting is used interchangeably with "the incident."

## INTERROGATORIES

1.

Please identify the person(s) who owned, managed and were in control, at the time of the occurrence alleged in the Complaint, the premises referred to in the Complaint where the incident involving Plaintiff occurred.  If the ownership, management, control, or maintenance changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please state whether Defendant has received any complaints or notice of any nature regarding security problems or criminal activity at the Sutter Lake Apartments prior to the incident at issue in this case (March 14, 2011).  If so, please state the substance, dates and people involved in any such complaints or notice.

3.

In the past five (5) years, has the Sutter Lake Apartments had any complaints or incidents of shooting, murders, burglary, assault, and/or battery, forced entry into an apartment, or any violent crimes on the premises?  If you answer yes, for each such occurrence please state the nature of the occurrence; the date of the occurrence; the individuals involved; how you became

aware of the incident; whether any legal suit arose out of it and the outcome of such claims, if any; and what your company did to remedy the situation.

4.

Please state what, if any, knowledge Defendant had prior to the incident complained of regarding any crimes on the premises of the apartments complex in question within the five (5) years before March 14, 2011.

5.

Please identify the person(s) who investigated the attack on Plaintiff after the incident on the day in question, the nature of the investigation, and the results of said investigation.

6.

Please identify any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, state the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered versus the Defendant.

7.

State the names and addresses of any persons, employees, witnesses or independent contractors at the apartment complex at issue of at the time of the subject incident and within one hour prior to it and one hour after it.

8.

What, if anything, was done by Defendant in an attempt to avoid the incident complained of or other instances of criminal activity?

9.

Please describe how you contend the occurrence complained of in this action happened, giving all of the events in detail and in the order in which they occurred, before, at the time of, and after the occurrence, which had any bearing on the cause or manner of the happening of this occurrence.

10.

Please state the names, addresses, telephone numbers and places of employment of all persons known to you, either from your own investigation or from any investigation made on your behalf:

    (a)    who may have seen any part of the occurrence complained of; or who may have or claim to have arrived at the scene of the occurrence complained of immediately or shortly after its happening;

    (b)    who have any knowledge regarding the facts or circumstances surrounding the happening of the incident complained of.

11.

Please state the factual basis for each defense or denial raised in your Answer and identify specifically each and every statute, ordinance, regulation, rule, code or industry standard of any kind which you, your expert or other witness will rely upon in support of any of your defenses in this lawsuit.

12.

Please state the names, residence and business addresses and business telephone numbers, of all persons whom you expect to call or may call as expert witnesses at trial.  With respect to each person, state:

    (a)    The specific subject matter on which you expect such expert to testify;

(b)     the substance of the facts, opinions and conclusions which you expect such

        expert to testify;

(c)     the grounds for each such opinion or conclusion;

(d)     whether any of such persons have prepared or provided you with a written or

        recorded statement, or report concerning their investigation or study, or the facts

        found by them, or the conclusions or opinions arrived at by them or the grounds

        of their opinions or conclusions.  If so, state the date of each such report or

        statement, and the names and addresses of all persons who have a copy of such

        report or statement.

(e)     the name, business telephone number and business address, of each person

        you retained or specially employed in the anticipation of litigation or preparation

        for trial whom you do not expect to call as a witness at the trial of the case.

13.

As to each statement or report, written, taped or otherwise, which has been made by any

person concerning the occurrence complained of, please describe each such statement or report,

giving as to each such statement or report the name of the person giving such statement or report,

the date of same, and the present location of such statement or report or any copy hereof.

14.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf,

have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements,

surveys or other descriptions concerning the events and happenings alleged in the Complaint,

scene of the incident, the area, or persons involved, as to each such item, please identify or

produce such document(s) and state:

(a)     what each such item purports to show, illustrate or represent;

(b)     the date it was made or taken and by whom; and

(c)     the name and address of the person having custody of such item.

15.

Please list the names, addresses, phone numbers, and job titles of every individual employed to work at the Sutter Lake Apartments on March 14, 2011.

16.

Please describe the March 14, 2011 security plan that Defendant had for the apartment complex in question, including but not limited to the number of security employees at the time of the incident complained of, the names and addresses of those employees, the shift schedules, system of patrol, the duties of the security personnel, system of stationing security personnel, and policies or plan used by the security personnel when a security complaint is received.

17.

Please describe the reporting and investigative practices for security complaints or criminal activity at the apartment complex in question, including but not limited to how such complaints are reported and who is responsible for reviewing complaints.

18.

Please state whether any agent or employee of Defendant has ever called the police regarding criminal activity or a complaint and/or disturbance at the apartment complex at issue. If so, please state the date of the call, the date of the incident complained of, the caller, the location of the incident, the circumstances of the incident, and the names and addresses of all individuals involved with such incident.

19.

Please identify each management level employee employed by Sutter Lake Apartments from March 14, 2006 through March 14, 2011. For each such person please state the following:

(a)     the present name, address, and phone number;

(b)     the management level of that employee;

(c)     whether these individuals are still employed at the apartments;

(d)     where that person is presently employed; and

(e)     the present work address and phone number.

20.

Please explain what, if any, security prevention or related security training all employees at Sutter Lake Apartments received within the course of their employment.

21.

Please describe each and every warning that you claim was provided to Plaintiff Kiemond Carter regarding any danger associated with the premises or vicinity of the premises.

22.

Please identify any changes that were implemented or made as a result of the incident forming the basis of Plaintiff's Complaint.

23.

Please identify all persons who have in any way investigated the claims made in this lawsuit, and whether each has made a written record of the investigation, and state the substance or result of their investigation.

24.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff, or any other person or entity, did or failed to do which in any way contributed to the subject occurrence.

25.

Please identify with specificity all civil claims or complaints made against you or to the apartment complex at issue, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence; the name, address and telephone number of all parties involved in said accident; the address of all investigating people or departments, personal injuries and property damage, if any, claimed in such incident; a short description of how the incident occurred, and whether suit was filed.

26.

State the substance of each conversation you had with Plaintiff at the time of or at any time following the occurrence giving rise to this lawsuit, or any statement that you claim was a statement made by Plaintiff Carter or his agents.

27.

If you deny that Plaintiff suffered injuries and damages in the incident which is the subject of his Complaint, state all facts supporting your denial that Plaintiff suffered damages.

28.

Please identify all potential parties, individuals, entities or other person that you contend are indispensable parties or that would be liable for any judgment obtained by Plaintiff in this action.

29.

Please state whether you have attempted to survey or observe Plaintiff at any time after the incident forming the basis of Plaintiff's Complaint, and state whether any video tapes or pictures were taken of Plaintiff, the date(s) surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This interrogatory is broad and seeks to discover all post incident surveillance even if such attempts were unsuccessful.)

30.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over this Defendant, that there has been an insufficiency of process of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendant.

31.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

32.

Please identify any information you claim you or your agents, attorneys, servants, or employees have indicating whether any witness has been convicted or pleaded guilty to a crime.

33.

Please identify in detail any and all claims or facts that any other person or entity is responsible for any aspect of Plaintiff's claims and damages as referenced in the Complaint.

34.

If there was an investigation made of the incident that forms the basis of this suit, please state whether the Defendant conducted such investigation in anticipation of litigation, and if so, state each fact of which Defendant was aware of at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

35.

Please identify all complaints about assaults, batteries and shooting into apartments that you are aware of, have been reported, or complained of at any time prior to the incident of March 14, 2011, at the apartment complex in question.

36.

Please identify all personnel directly responsible for security, all security officers, all persons in contact with security, or other people of any nature that had security responsibility for the premises for the day in question and two years beforehand.

37.

Please identify all action you took, including the person, name, date, and address of the person who took the action, regarding any investigation on your part into prior criminal activity at your property or property neighboring that of Defendant or in the same community.

38.

If management had concerns about security measures and issues for the apartment complex at issue before March 14, 2011, please identify all written documentation reflecting the same, all people involved in issuing any policies and procedures regarding the same, and specific company conversations or directives regarding same.

39.

Please identify all employees of the Sutter Lake Apartments for the five (5) years preceding the incident complained of in Plaintiff's Complaint.

40.

Have you had any complaints or reports of any nature by anybody about problems with the security at the complex at issue? If so, please explain in detail, identify the person's name, address, date of birth, the date of the report, and please produce any documents regarding same.

This 16th day of January, 2013.

JAMES A. RICE, JR., P.C.

JAMES A. RICE, JR.
Georgia State Bar No. 602811
Attorney for Plaintiff

563 Spring Street, NW
Atlanta, GA  30308
404-255-4448

COPY

RECEIVED & FILED

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

JAN 16 2013

Gail Carsen
CLERK, STATE COURT
CLAYTON COUNTY

KIEMOND CARTER,                          )
                                         )
        Plaintiff,                       )
                                         )         CIVIL ACTION FILE NO.
v.                                       )
                                         )
BELMONT GEORGIA LIMITED                  )         _____
PARTNERSHIP, MICHELLE GOEDECKER          )
VENTRON REALTY CORPORATION               )
and VENTRON MANAGEMENT, LLC              )
                                         )
        Defendants.                      )

### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
### AND NOTICE TO PRODUCE DOCUMENTS TO EACH DEFENDANT

TO:    EACH DEFENDANT

Pursuant to O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et seq., Plaintiff

hereby requests that EACH Defendant respond separately, in writing and under oath to the

following request for production of documents within forty-five (45) days from the date of

service as provided by law, with a copy of the responses being served upon the undersigned

counsel of record for the Plaintiff at James A. Rice, Jr., P.C., 563 Spring Street, Atlanta, Georgia

30308.

### DEFINITIONS AND INSTRUCTIONS

A.     These production requests shall be deemed continuing to the extent permitted by

O.C.G.A. § 9-11-26, et seq., so as to require Defendant(s) to serve upon all parties supplemental

answers if Defendant(s) or its attorneys obtain further information between the time the answers

are served and the time of trial.

B.     "Document," whether singular or plural, means documents and other tangible

things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include

without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C.      "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.      The "incident" is the March 14, 2011 incident at the Sutter Lake Apartments located at 8104 Webb Road, Riverdale, Georgia 30274, where Plaintiff was shot.

E.      The "apartments" are the Sutter Lake Apartments located at 8104 Webb Road, Riverdale, Georgia 30274 where Plaintiff was shot.

F.      The shooting is used interchangeably with "the incident."

## REQUEST FOR PRODUCTION

Each Defendant is requested to produce each of the following:

1.

Copies of any and all logs, incident reports, investigative memoranda, photographs, documents and charts or graphs relating to matters which are the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral or otherwise, in your control or obtained in your behalf, of any person relating to the incident complained of in the Complaint.

3.

Copies of any and all documents that in any way mention or refer to any criminal activity at the Sutter Lake Apartments or any residential rental building that any Defendant owns, or has owned, at any time before March 14, 2011.

4.

Copies of any and all reports, inner-office memoranda or other documents relating to matters which are the subject of this Complaint which were prepared in the normal course of business.

5.

Copies of any and all photographs regarding this case.

6.

Please identify all documents you possess regarding any repairs or maintenance performed on any of the apartments at the subject apartment complex which was necessary due to a break-in, burglary, shooting, home invasion or any other criminal activity.

7.

All police reports or incident reports you possess regarding this event or any other crime at the apartment complex at question.

8.

All documents generated or created before suit was instituted in this action regarding the March 14, 2011 incident.

9.

Copies of any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to Defendant with regard to Plaintiff's claims against Defendant.  This request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, medical-payments coverage, and documents regarding reservation of rights for same.

10.

Copies of any and all documentary evidence which is relevant to any issue in this action or which might lead to the production of other evidence which is admissible.

11.

Copies of any and all reports, memorandum or notes from any individual who has investigated any aspect or element of the subject incident.

12.

Copies of all employee agreements, policies, and procedure manuals regarding the hiring and training of employees at the Sutter Lake Apartments or any independent security company.

13.

Copies of any and all claims forms, accident reports, or other documentation evidencing prior or subsequent complaints or problems with the security of the premises in question.

14.

Copies of all documents, logs or incident reports involving any crimes at the property in question for the ten (10) years prior to March 14, 2011.

15.

All documents relating to violent crime ever occurring at the property at issue.

16.

All documents relating to security, and any security measure considered or undertaken by Defendant for the property in question for any time prior to March 14, 2011.

17.

All documents relating to changes in security, and any security measure considered, but not implemented by Defendant for the property in question for any time prior to March 14, 2011.

18.

All documents, photographs, and drawings that depict the layout of the premises in question, including documentation reflecting the layout of the area where Plaintiff was assaulted. Please provide all architectural plans, drawings, or designs of the apartment complex in question.

19.

All documents relating to crimes or assaults at the premises in question.

20.

All documents pertaining to employee and security training, including all policies and procedure manuals governing the employees at the Sutter Lake Apartments in question.

21.

All documents reflecting criminal activity at the premises in question.

22.

All documents evidencing, reflecting, relating to or constituting any communication between any Defendant and Plaintiff.

23.

All documents evidencing, reflecting, relating to or constituting an accident or incident report regarding the occurrence forming the basis of this lawsuit.

24.

All documents that you receive in response to your Requests for Production of Documents and/or subpoenas to nonparties.

25.

All documents, pleadings and/or exhibits filed, served or prepared in connection with any negligent security related litigation involving personal injuries where Defendant has been a party and involving the premises in question for the past ten (10) years.

26.

Any and all documentary evidence or other tangible evidence which relates, or is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or each Defendant's defenses.

27.

Please produce all reports received from any experts who have investigated any issue relevant to the subject incident and relevant to this lawsuit. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

28.

Please produce all claim forms, accident reports, or other documentation evidencing prior or subsequent complaints, problems, injuries or security issues occurring on the premises where Plaintiff was injured.

29.

Please produce any and all documents, including employee handbooks, policy or procedure manuals, or videotapes of Defendant's policies regarding safety, training, crime prevention, crime deterrents, loss prevention or any security measures at the premises forming the basis of Plaintiff's Complaint.  This includes any and all policy and procedure manuals of any nature.

30.

For the date in question, and the two weeks before and two weeks after, please produce the work schedules for all employees (regarding the premises in question) employed by Defendant.

31.

Each and every document between Defendant and any independent security company.

32.

Please provide all contract agreements or documents of any nature entered into between the Defendant and any other individual or company regarding the security of the premises in question.

33.

Please provide all notes, memoranda, minutes and all other written evidence of safety meetings held by Defendant, your employees, agents or independent contractors, for the past five (5) years.

34.

All budgets for security at the property in question.

35.

All work orders, maintenance requests, or other documents reflecting repairs or requests for repairs as it relates to any breaking and entry at your premises.

36.

Copies of all Sutter Lake Apartments newsletters, advertisements or flyers for the 5 years before the incident in question.

37.

All videotapes of the incident from any closed circuit television.

38.

All work orders, maintenance requests, or other documents reflecting repairs, upgrades, requests for repairs or installation of additional locks or security for any apartment in the complex at issue.

You are requested to comply with said requests by producing and permitting the Plaintiff's attorney to inspect and copy the documents requested. In lieu of appearance at a

document production, you may instead mail true and accurate copies of all documents or evidence to Plaintiff at James A. Rice, Jr., P.C., 563 Spring Street, Atlanta, Georgia 30308.

This 16th day of January, 2013.

                                        **JAMES A. RICE, JR., P.C.**


                                        _____
                                        JAMES A. RICE, JR.
                                        Georgia State Bar No. 602811
                                        Attorney for Plaintiff

563 Spring Street, NW
Atlanta, GA  30308
404-255-4448

COPY

RECEIVED & FILED

JAN 18 2013

CLERK, STATE COURT
CLAYTON COUNTY

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

KIEMOND CARTER,                    )
                                   )
        Plaintiff,                 )
                                   )        CIVIL ACTION FILE NO.
v.                                 )
                                   )        _____
BELMONT GEORGIA LIMITED            )
PARTNERSHIP, MICHELLE GOEDECKER    )
VENTRON REALTY CORPORATION         )
and VENTRON MANAGEMENT, LLC        )
                                   )
        Defendants.                )

### PLAINTIFF'S REQUEST FOR ADMISSIONS TO EACH DEFENDANT

TO:    EACH DEFENDANT

COMES NOW Plaintiff and serves upon <u>EACH</u> Defendant his Request for Admissions,

pursuant to O.C.G.A. § 9-11-36, with Georgia law dictating that <u>EACH</u> Defendant must provide

a written reply admitting or denying each portion of the following Requests for Admissions

within forty-five (45) days of service thereof.

### DEFINITIONS AND INSTRUCTIONS

A.    These requests shall be deemed continuing to the extent permitted by O.C.G.A. §

9-11-26, et seq., so as to require Defendant(s) to serve upon all parties supplemental answers if

Defendant(s) or its attorneys obtain further information between the time the answers are served

and the time of trial.

B.    "Document," whether singular or plural, means documents and other tangible

things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include

without limitation originals or, if such are not available, true copies, including copies of

documents, videotapes, computer data, and sound material.

C.      "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.      The "incident" is the March 14, 2011 incident at the Sutter Lake Apartments located at 8104 Webb Road, Riverdale, Georgia 30274, where Plaintiff was shot.

E.      The "apartments" are the Sutter Lake Apartments located at 8104 Webb Road, Riverdale, Georgia 30274 where Plaintiff was shot.

F.      The shooting is used interchangeably with "the incident."

## REQUEST FOR ADMISSIONS

### 1.

Belmont Georgia Limited Partnership was the owner of the Sutter Lake Apartments on March 14, 2011.

### 2.

Ventron Realty Corporation was the management company for the Sutter Lake Apartments on March 14, 2011.

### 3.

Ventron Management, LLC was the management company for the Sutter Lake Apartments on March 14, 2011.

### 4.

A person or entity other than Defendants owned the Sutter Lake Apartments on March 14, 2011.

### 5.

A person or entity other than Defendants managed the Sutter Lake Apartments on March 14, 2011.

6.

You contend that another person or entity caused the incident at issue.

7.

You have facts that support the contention that another person or entity caused or contributed to the incident at issue.

8.

Service is proper as to Defendant Belmont Georgia Limited Partnership.

9.

Venue is proper as to Defendant Belmont Georgia Limited Partnership

10.

Jurisdiction is proper as to Defendant Belmont Georgia Limited Partnership.

11.

Service is proper as to Defendant Ventron Realty Corporation.

12.

Venue is proper as to Defendant Ventron Realty Corporation.

13.

Jurisdiction is proper as to Defendant Ventron Realty Corporation.

14.

Service is proper as to Defendant Ventron Management, LLC.

15.

Venue is proper as to Defendant Ventron Management, LLC.

16.

Jurisdiction is proper as to Defendant Ventron Management, LLC.

This 16th day of January, 2013.

JAMES A. RICE, JR., P.C.


JAMES A. RICE, JR.
Georgia State Bar No. 602811
Attorney for Plaintiff

563 Spring Street, NW
Atlanta, GA  30308
404-255-4448



# MEMORANDUM

**TO:**     All Judges, Clerks of Court and Counsel of Record

**From:**   James A. Rice, Jr.

**Date:**   **January 16, 2013**

**Re:**     **Notice of Leave of Absence**

RECEIVED & FILED

JAN 1 8 2013

CLERK, STATE COURT
CLAYTON COUNTY

---

COMES NOW, **James A. Rice, Jr.** and respectfully notifies all Judges before whom he has cases pending, all affecting Clerks of Court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

The periods of leave during which time **James A. Rice, Jr.** will be away from the practice of law are the following:  January 16 - 23, 2013; February 28 – March 13, 2013; March 28 – April 5, 2013; May 24 – 28, 2013; June 6 – 12, 2013; June 14 – 25, 2013; July 3 – 8, 2013; August 14 – 19, 2013; August 29 – September 4, 2013; October 31 – November 1, 2013; November 7 – 12, 2013; December 5 – 9, 2013; December 17 – 26 and 2013; January 2 – 7, 2014.

All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

This 16th day of January, 2013.

JAMES A. RICE, JR., P.C.

James A. Rice, Jr.
Georgia State Bar No. 602811

563 Spring Street, NW
Atlanta, Georgia  30308
(404) 255-4448